IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DANYON LAMAR GREEN                                                                              PLAINTIFF

v.                            Civil No. 4:21-cv-04089

CORRECTIONAL OFFICER GUNDERSON,
Miller County Detention Center                                                                  DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred the matter to the undersigned for the purpose of making a Report and Recommendation.

Plaintiff, Danyon Lamar Green ("Green") filed this civil rights action under 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis* ("IFP"). (ECF Nos. 1, 2, 5, 9).

### I. BACKGROUND

In Plaintiff's Complaint, he alleges that on October 26, 2021, he was "violated physically" when "Gunderson slapped me on the bottom rear with the keys to open the cell doors." (ECF No. 1 at 4). Plaintiff further states that "Gunderson was the person that was in possession of the keys" and that "[t]he key scraped my bottom rear." (ECF No. 1 at 5). Plaintiff is suing Gunderson in his individual capacity only and seeks compensatory and punitive damages as relief.

1

(ECF No. 1 at 5, 9). Specifically, with respect to damages, Plaintiff states, "I've suffered daily thinking about what happened." (ECF No. 1 at 9). Plaintiff states "I believe I'm entitled to $80,000.00. I get night terrors, sweaty palms, and I steer clear from other guards." *Id*.

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, we hold 'a pro se complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. DISCUSSION

The essential elements of a § 1983 claim are: (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right. *Schmidt v. City of Bella Vista*, 557 F.3d 564, 571 (8th Cir. 2009).

As set forth above, Plaintiff alleges that Defendant Gunderson "slapped" him on the

"bottom rear" with cell door keys and that "the key scraped" his "bottom rear." (ECF No. 1).

"[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *County of Sacramento v. Lewis,* 523 U.S. 833 (1998) (citation omitted). The Eighth Amendment to the United States Constitution prohibits the imposition of cruel and unusual punishment. U.S. Const. amend. VIII. The Cruel and Unusual Punishment Clause forbids conditions that involve the "wanton and unnecessary infliction of pain," or are "grossly disproportionate to the severity of the crime." *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981).

A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element. *Revels v. Vincenz,* 382 F.3d 870, 875 (8th Cir. 2004) (citing *Wilson v. Seiter,* 501 U.S. 294, 298 (1991)). "The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities. The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." *Revels,* 382 F.3d at 875 (citations and internal quotation marks omitted). Deliberate indifference is established when the Plaintiff shows "the defendant was substantially aware of but disregarded an excessive risk to inmate health or safety." *Id*. The standards against which a court measures prison conditions are "the evolving standards of decency that mark the progress of a maturing society." *Estelle v. Gamble,* 429 U.S. 97, 102 (1976). Any injury resulting from conditions of confinement must be greater than *de minimis*. *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008).

Because it appears here that Plaintiff was a pretrial detainee at the time of the alleged

incident, his claim is analyzed under the Fourteenth Amendment Due Process Clause rather than the Eighth Amendment. However, because the Fourteenth Amendment gives pretrial detainees at least as great protection as that given to convicts under the Eighth Amendment, courts have consistently applied the Eighth Amendment deliberate indifference standard to claims by a pretrial detainee involving prison conditions. *Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014).

Applying this standard, Plaintiff's claim should be dismissed. Not "every malevolent touch by a prison guard [or civilian prison worker] gives rise to a federal cause of action." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Plaintiff's allegation that Defendant Gunderson "slapped" his "rear" with keys on one occasion simply does not state a plausible claim. *See Berryhill v. Schriro*, 137 F.3d 1073 (8th Cir. 1998)(finding facts insufficient for a § 1983 claim where Plaintiff alleged a brief touching of his buttocks by two prison employees on two separate occasions).

Further, if the Court were to find that Plaintiff has stated a plausible claim, damages would be limited in any such recovery because of the physical injury requirement found in 42 U.S.C. § 1997e(e). This provision prohibits a prisoner from recovering compensatory damages for mental or emotional distress in the absence of a physical injury. *See Royal v. Kautzky*, 375 F.3d 720 (8th Cir. 2004). Plaintiff does not allege a physical injury, stating instead that he gets "night terrors, sweaty palms, and . . . steer[s] clear from other guards."

## IV. CONCLUSION

For the foregoing reasons, I recommend that Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE**.

**The Plaintiff has fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Plaintiff**

4

**is reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED** this 31st day of January 2022.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE