IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DANYON LAMAR GREEN                                                                                       PLAINTIFF

v.                                            Civil No. 4:21-cv-4089

CORRECTIONAL OFFICER
GUNDERSON, Miller County Detention
Center                                                                                                    DEFENDANT

## ORDER

Before the Court is Plaintiff Danyon Lamar Green's objections to the Report and Recommendation issued on January 31, 2022, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas.  (ECF No. 15).  No response is necessary.

### I.  BACKGROUND

Plaintiff filed this civil rights action pursuant to 42 U.S.C. 1983, alleging that Defendant violated his Eighth Amendment rights while he was incarcerated in the Miller County Detention Center.  On January 31, 2022, Judge Bryant issued a Report and Recommendation, conducting a pre-service screening and recommending that the Court dismiss Plaintiff's case for failure to state a claim upon which relief can be granted.  Plaintiff did not object to the Report and Recommendation within the time allowed, so on February 18, 2022, the Court adopted the Report and Recommendation and dismissed this case without prejudice.  On March 15, 2022, Plaintiff filed a motion to reopen the case and for an extension of time to object because he had been transferred to a different prison during his original objection period.  The Court granted the motion and gave Plaintiff until April 15, 2022, to file objections.

On March 28, 2022, Plaintiff filed the instant document, which appears to be an amended complaint. Plaintiff has not filed any explicit objections and his extended deadline to object has passed.

## II.  DISCUSSION

Construing Plaintiff's filing liberally, it could be viewed as either his objections to Judge Bryant's Report and Recommendation or a motion for leave to file an amended complaint. The Court will address both possibilities.

Judge Bryant recommended that the Court dismiss Plaintiff's complaint because he failed to state a cognizable Eighth Amendment claim under section 1983. Plaintiff alleged that, on one occasion, Defendant slapped his bottom while holding a set of keys, and a key scraped against his bottom and caused him mental anguish. Judge Bryant reasoned that the Prison Litigation Reform Act prevents prisoners from seeking compensatory damages for mental or emotional distress in the absence of a physical injury. *See Royal v. Kautzky*, 375 F.3d 720, 722 (8th Cir. 2004). Plaintiff had not alleged that he suffered a physical injury from the incident, so Judge Bryant recommended that the Court dismiss the case.

If the Court construes the instant filing as Plaintiff's objections to the Report and Recommendation, they are unpersuasive. Nothing in the filing addresses Judge Bryant's analysis that the PLRA prevents Plaintiff from seeking compensatory damages based on his current allegations. Thus, Plaintiff presents neither fact nor law from which the Court would depart from the Report and Recommendation.

If Plaintiff is instead attempting to amend his complaint, the filing is ineffective. "A party may amend its pleading once as a matter of course within:  (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive

pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Neither of those instances apply here, so Plaintiff must ask the Court for leave to amend his complaint. Fed. R. Civ. P. 15(a)(2).

This is a liberal standard, as courts "should freely give leave when justice so requires." *Doe v. Cassel*, 403 F.3d 986, 990 (8th Cir. 2005). However, there is no absolute right to amend a pleading. *Baptist Health v. Smith*, 477 F.3d 540, 544 (8th Cir. 2007). Rather, the decision is a discretionary matter for the district court to resolve. *McLaurin v. Prater*, 30 F.3d 982, 985 (8th Cir. 1994). "[A]bsent a good reason for denial—such as . . . futility of amendment—leave to amend should be granted." *Thompson-El v. Jones*, 876 F.2d 66, 67 (8th Cir. 1989).

A proposed amendment is futile if it could not survive a Rule 12 motion to dismiss. *In re Senior Cottages of Am., LLC*, 482 F.3d 997, 1001 (8th Cir. 2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Under the plausibility standard, there must be more than a "sheer possibility" that a defendant has acted unlawfully. *Id.* A plaintiff need not provide "detailed factual allegations," under Rule 8, but it must provide more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

If the Court construes the instant filing as a motion for leave to file an amended complaint, the proposed amended complaint would be futile. The allegations in the proposed amended complaint are largely the same as in the original complaint. Importantly, the proposed amended complaint does not allege that Plaintiff suffered a physical injury from Defendant's actions. The

3

only injury it alleges is mental—that after the incident, Plaintiff gets night terrors, sweaty palms, thinks about the incident daily, and is afraid to be around guards.

Plaintiff cannot seek compensatory damages for those alleged emotional injuries in the absence of an alleged physical injury. *See Royal*, 375 F.3d at 722. The proposed amended complaint does not allege a physical injury. Thus, Plaintiff's proposed amended complaint would not survive a Rule 12 motion to dismiss and is futile.[1] *See Berryhill v. Schriro*, 137 F.3d 1073, 1076 (8th Cir. 1998) (dismissing an Eighth Amendment claim under section 1983 where a guard twice slapped a prisoner on the bottom and the prisoner did not establish any actual injury suffered as a result). The Court will not grant leave to file a futile proposed amended complaint.

### III. CONCLUSION

For the above-discussed reasons and upon *de novo* review, to the extent that Plaintiff's filing can be construed as objections, it offers no reason for the Court to depart from Judge Bryant's Report and Recommendation. To the extent that the filing can be construed as a motion for leave to file an amended complaint, the motion (ECF No. 15) is **DENIED**. The Court again adopts the Report and Recommendation (ECF No. 11). This case is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 19th day of April, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[1] If Plaintiff intends to assert state-law tort claims along with—or instead of—his section 1983 claim, the proposed amended complaint does not establish that the Court has original jurisdiction over those state-law claims in the absence of the futile section 1983 claim. *Cf. Hurt v. Dow Chem. Co.*, 963 F.2d 1142, 1144 (8th Cir. 1992) (discussing the sources of original jurisdiction).